Spencer KELLY *v.* STATE of Arkansas and
Warren E. WOOD, Circuit Judge of the
Sixth Judicial Circuit of the State
of Arkansas, 2nd Division

78-303                                          578 S.W. 2d 566

Opinion delivered March 19, 1979
[Rehearing denied April 23, 1979.]

*Bill Clinton,* Atty. Gen., by: *Jesse L. Kearney* and *Alice Ann Burns,* Asst. Attys. Gen., for petitioner.

*Haskins, Eubanks & Wilson,* by: *Gary L. Eubanks,* for respondent.

CONLEY BYRD, Justice. In seeking this Writ of Prohibition, Petitioner Spencer Kelly, a state trooper, contends that a state trooper, as an officer of the State of Arkansas, cannot be sued for damages that result from an automobile collision with a state trooper car. Specifically, petitioner relies upon Ark. Const. Art. 5, § 20 which provides:

> "The State of Arkansas shall never be made defendant in any of her courts."

The facts giving rise to this controversy show that petitioner, while on his regular work shift, was driving his state patrol car along Pratt Road in Pulaski County with the intention of going to 4813 Baseline Road to have dinner with a friend. At the intersection of Pratt Road and Arch Street, petitioner failed to observe a stop sign and as a result thereof collided with an automobile being driven along Arch Street and occupied by Mr. and Mrs. Kenneth Mitchell.

In construing Art. 5 § 20, *supra,* with respect to what actions against an officer constitute an action against the State, *Hickenbottom* v. *McCain, Comm'r of Labor,* 207 Ark. 485, 181 S.W. 2d 226 (1944), we have stated:

> ". . . [W]here a suit is brought against an officer or agency with relation to some matter in which defendant represents the State in action and liability, and the State while not a party to the record, is the real party against which relief is sought so that a judgment for plaintiff, although nominally against the named defendant as an individual or entity distinct from the State, will operate to control the action of the State or subject it to liability, the suit is in effect one against the State and cannot be maintained. . . ."

It was also there pointed out that where the suit is against an officer to prevent him from doing an unlawful act to the injury of the complaining party, the officer cannot shield himself behind the fact that he is an officer of the State.

When considered in connection with what constitutes an action against the State, we have concluded that a negligence action for personal injuries brought against a state trooper for a violation of duty imposed upon him by law in common with all other people using the highways does not amount to an action against the State within the prohibition of Ark. Const. Art. 5, § 20.

Other jurisdictions have reached like results. See *Montanick* v. *McMillin,* 225 Iowa 442, 280 N.W. 608 (1938), where the court in quoting from *Delaney* v. *Rochereau,* 34 La. Ann., 1123, 44 Am. Rep. 456, stated:

> "Everyone, whether he is principal or agent, is responsible directly to persons injured by his own negligence in fulfilling obligations resting upon him in his individual character and which the law imposes upon him, independent of contract. No man increases or diminishes his obligations to strangers by becoming an agent. If, in the course of his agency, he comes in contact with the person or property of a stranger, he is liable for any injury he may do to either, by his negligence, in respect to duties imposed by law upon him in common with all other men."

Writ denied.

HARRIS, C.J., and FOGLEMAN, J., concur in result only.

HICKMAN, J., dissents.