Jodine CARTER, Individually and as
Executrix of the Estate of J. C. CARTER, deceased
*v.* Eddie BUSH, Ernest COLLARD and
COMMERCIAL UNION INSURANCE CO.

84-16                                          677 S.W.2d 837

*Supreme Court of Arkansas*
Opinion delivered June 11, 1984
[Substituted Opinion on Denial of Rehearing October 8, 1984]

*Daggett, Van Dover, Donovan & Cahoon,* by: *Robert J. Donovan,* for appellant.

*Gail O. Matthews, Ted Goodloe,* and *Chester Lowe,* for appellee.

P. A. HOLLINGSWORTH, Justice. The petition for rehearing is denied. This substitute opinion is issued to replace the opinion of June 11, 1984, for clarification of issues raised by the Attorney General and appellees.

The appellees, Eddie Bush and Ernest Collard, in the course of their jobs as patrolmen for the Arkansas Highway Police, stopped a tractor-trailer truck at night on Highway 1 near DeWitt, Arkansas, to weigh the vehicle. As they finished weighing the truck, a second tractor-trailer stopped in the opposite lane to be weighed. The trucks completely blocked the travel portion of the highway. While the trucks were so stopped, the decedent, J. C. Carter, ran into the back of one of the trailers and received injuries which ultimately resulted in his death. The decedent's executrix, the appellant Jodine Carter, brought a suit for wrongful death against Bush and Collard and against Commercial Union Insurance Co. The suit asked for the proceeds from the insurance policies both Bush and Collard had in force covering their own personal vehicles. In the alternative, the appellant sought the proceeds from the uninsured motorist insurance coverage provided to the decedent by Commercial Union.

The trial court dismissed the cause of action with prejudice as to Bush and Collard pursuant to Ark. Stat. Ann. § 13-1420 (Supp. 1981) which bars civil suits against state governmental employees. There was apparently no disposition of the case as to the insurance company. This case comes to us on appeal under Ark. Sup. Ct. R. 29(1)(c) because it involves the construction of a statute. We reverse.

The appellees argue that the issue raised by the appellant was not raised before the trial court and is being presented for the first time on appeal. However, the appellant made substantially the same argument in a memorandum brief submitted to the trial court. Therefore, the argument is properly presented.

The appellant is also attempting to collect on an insurance policy issued to the decedent by Commercial Union. In the trial judge's order dismissing the appellant's complaint, no mention was made of the status of the suit as to Commercial Union. Since there is no final, appealable order in the record, that portion of the appellant's argument which is directed to Commercial Union is not properly before us and will not be discussed.

The appellant's principal contention, and the only one we will consider, is whether § 13-1420 operates as a complete bar to suits against governmental employees or whether it grants such immunity only to the extent that said employees do not have liability insurance coverage or to the extent that the injured party is not insured. We do not decide in this opinion whether or not the appellees were in fact negligent or whether their insurance policies would cover this situation if they were negligent. We are merely deciding whether or not the appellant can maintain an action against the appellees. We hold that she can.

The appellant would be unable to maintain an action against the officers if she was actually attempting to sue the State of Arkansas under Art. 5, § 20, of the Arkansas Constitution which provides that the State "shall never be made defendant in any of her courts." However, we have allowed lawsuits to be filed against police officers when the

matter involves a negligent action caused by the officer's violation of a duty imposed upon him by law in common with all other people — as where a policeman violates a traffic rule and causes an accident. *Kelly* v. *Wood, Judge,* 265 Ark. 337, 578 S.W.2d 566 (1979); *Grimmett* v. *Digby, Circuit Judge,* 267 Ark. 192, 589 S.W.2d 579 (1979).

The difficulty in this case arises because of Ark. Stat. Ann. § 13-1420 (Supp. 1981) which provides:

> Officers and employees of the State of Arkansas are immune from civil liability for acts or omissions, other than malicious acts or omission, occurring within the course and scope of their employment.

The trial court held that this provision precluded a lawsuit against the appellees, since they were acting in their official capacity when they stopped the two tractor-trailers. We are holding that an employee of the State of Arkansas who had liability insurance to cover negligence in the operation of a motor vehicle can be sued directly and the insurance company held liable for damages caused by the employee's negligent acts, even though the employee at the time is in the performance of duties as a state employee. While this is consistent with our decision in *Grimmett,* the Legislature has enacted a statute pertinent to this case. The title of Act 586 of 1981 reads:

> An Act to Require the Arkansas State Claims Commission to Hear All Claims Regardless of Insurance Coverage; to Provide That a Claimant Must Exhaust All Remedies Against Insurers Before Filing a Claim with the Claims Commission; to Prohibit the Claims Commission from Hearing Subrogation Claims; to Grant Civil Immunity to State Employees for Non-Malicious Acts Occurring within the Course and Scope of Their Employment; to Require the Claims Commission to Refuse Consideration of a Claim if the Subject Matter of That Claim Has Been Before Any Court of Law or Equity and That Court Has Rendered a Final Judgment or Order; and for Other Purposes.

The relevant sections applicable to this case are:

SECTION 3. If the Arkansas State Claims Commission awards damages to a claimant who has received benefits under any policy of insurance, the premium of which has not been paid by or on behalf of the claimant, the Commission shall reduce its award by the amount of insurance benefits received by the claimant. The Arkansas Claims Commission shall not reduce awards for damages to a claimant who has received benefits under a policy of insurance the premium of which has been paid by or on behalf of the claimant.

SECTION 5. Officers and employees of the State of Arkansas are immune from civil liability for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.

SECTION 8. Emergency. It is hereby found and determined by the General Assembly that the State Claims Commission does not now hear claims when the injured party has received partial compensation from an insurer; that such policy is inequitable and that this Act is immediately necessary to provide such equitable treatment.

This Act is codified as Ark. Stat. Ann. § 13-1420 et seq. (Supp. 1981).

There is another pertinent Act applicable to this case, Act 543 of 1977. The title reads:

An Act Authorizing the State of Arkansas to Pay Actual Damages Adjudged Under Certain Circumstances Against Officers or Employees of Arkansas State Government, or Against the Estate of Such an Officer or Employee; Defining the Extent of Applicability of the Act; and for Other Purposes.

The relevant sections applicable to this case are:

SECTION 1. The State of Arkansas shall pay actual, but not punitive, damages adjudged by a state or federal court, or entered by such a court as a result of a compromise settlement approved and recommended by the Attorney General, against officers or employees of the State of Arkansas, or against the estate of such an officer or employee while acting without malice and in good faith within the course and scope of his employment and in the performance of his official duties.

SECTION 3. Damages payable under this Act shall be reduced to the extent that the officer or employee has been indemnified or is entitled to indemnification under any contract of insurance.

This Act is codified as Ark. Stat. Ann. § 12-3401 et seq. (Repl. 1979).

Statutes enabling the public to seek redress against government officials, as both these statutes do, are enacted to benefit the public. We have held that such statutes are to be interpreted most favorably to the public. *Laman* v. *McCord*, 245 Ark. 401, 432 S.W.2d 753 (1968). We have also held that any interpretation of a statute which avoids opportunities to evade the act is favored in the law. *Sturdivant, Adm'x* v. *City of Farmington*, 255 Ark. 415, 500 S.W.2d 769 (1973). We can observe both of these rules if we hold that § 13-1420 is not to be construed to provide governmental immunity since that is controlled by § 12-3401. Although it is a general rule of construction that a repeal by implication of the earlier statute is accomplished whenever the legislature enacts a subsequent, conflicting statute, *Berry* v. *Gordon*, 237 Ark. 547, 376 S.W.2d 279 (1964), it is also a rule that our function is to ascertain and give effect to the intent of the legislature. *Berry, supra*. We held in *Berry* that the "reason, spirit, and intention of the legislature . . . shall prevail over its letter . . . especially . . . where adherence to the letter would result in absurdity or injustice, or would lead to contradiction, or would defeat the plain purpose of the law."

These Acts recognize the reality that state employees are

being sued in our state and federal courts and being held liable for damages. The provisions of the Acts allow state employees to be held liable for negligent acts which occur during the course and scope of their employment and in the performance of official duties where an employee has liability insurance. Act 543 of 1977 provides for a way of paying claims adjudged against employees who have no insurance to pay the claim or the claims exceed the limits of the employee's coverage. In no instance are the employees to incur any *personal* liability for their nonmalicious acts.

The trial court in this case held that the two state employees in question were immune from suit under Ark. Stat. Ann. § 13-1420 (Supp. 1981). We reverse the trial court's dismissal of the appellees from this lawsuit and remand this case for further proceedings not inconsistent with this opinion.

DARRELL HICKMAN, Justice, concurring upon re-hearing. Essentially, I agree with the substituted opinion which I conclude holds a state employee that has liability insurance may be sued, that is, named a party defendant, but may not be held personally liable for negligent acts that occur in the course of his employment.

This is not consistent with our decision in *Grimmett* v. *Digby*, 267 Ark. 192, 589 S.W.2d 579 (1979), which held a state employee could be found liable personally for negligent acts which violate a duty imposed on him in common with all other people.

After our decision in *Grimmett,* the General Assembly in 1981 passed Act 586 which contains a section that unequivocally is contrary to *Grimmett.* It reads: "Officers and employees of the State of Arkansas are immune from civil liability for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment." § 13-1420. The result we have reached in this case is consistent with the provisions of Act 586 and Act 543 of 1977.