Patsy BLY *v.* Morris YOUNG, M.D.

87-24                                                   732 S.W.2d 157

Supreme Court of Arkansas
Opinion delivered July 13, 1987

*Spears, Sloan & Coleman*, by: *Gerald A. Coleman*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

DAVID NEWBERN, Justice. ■ The question presented in this appeal is whether an employee of the state of Arkansas may be held liable for an act done in the performance of his duties as a state employee to the extent the employee carries liability insurance. We hold that he may, and thus we reverse the circuit court's holding in favor of the state employee.

The appellee, Dr. Young, is a physician in private practice. He also worked part-time for the Arkansas Department of Health at the Maternal & Child Health Family Planning Clinic in Cross County. In the course of his employment with the state he was consulted by the appellant, Patsy Bly, who sought birth control assistance. The appellee inserted an intra-uterine device (IUD) in the appellant's uterus. She later was hospitalized, and the device was removed. Thereafter she suffered a miscarriage. She sued the appellee for malpractice.

In his answer the appellee stated that he had noted that the appellant's uterus was enlarged at the time he inserted the IUD and that he had questioned the appellant about whether she might be pregnant. His answer further alleged that the appellant had taken full responsibility for any result of the insertion of the IUD, and she insisted that she was not pregnant but she had had a recent, normal menstrual cycle. The appellant moved for summary judgment on the basis that he was immune from liability as a state employee, citing Ark. Stat. Ann. § 13-1420 (Supp. 1985). The trial court granted the summary judgment.

In *Carter v. Bush*, 283 Ark. 16, 677 S.W.2d 837 (1984), two Arkansas highway patrolmen were sued for wrongful death. The case arose from their having stopped two trucks on the highway in a manner so as to block the highway and, it was alleged, cause a motorist to be killed when his vehicle ran into one of the trucks from the rear. The trial court dismissed the action on the basis of § 13-1420. We reversed and said:

> We are holding that an employee of the State of Arkansas who had liability insurance to cover negligence in the operation of a motor vehicle can be sued directly and the insurance company held liable for damages caused by the employee's negligent acts, even though the employee at the time is in the performance of duties as a state employee. [283 Ark. at 19; 677 S.W.2d at 839]

In granting summary judgment in the case before us now, the court cited *Beaulieu* v. *Gray*, 288 Ark. 395, 705 S.W.2d 880 (1986), as having overruled the *Carter* case. The action in the *Beaulieu* case was against employees of the Arkansas Highway and Transportation Department for having wilfully and negligently designed and created an abnormally dangerous intersection which was allegedly the cause of a wreck and injuries to the plaintiff's ward. The action was dismissed by the trial court which held the employees were immune from tort liability for acts within the course of their state employment. On appeal, the plaintiff-appellant argued that the *Carter* case had held state employees were not immune. We said:

> The appellant, quite understandably, argues that the recent case of *Carter* v. *Bush*, . . . states that the quoted statute does not provide immunity for officers and employees of the state. The *Carter* case does provide that the statute is not a grant of immunity. We expressly overrule that part of Carter.

Our overruling of a "part" of the *Carter* case was thus not a wholesale overruling, and the appellant argues that the *Beaulieu* case is distinguishable from the case before us now because in that case there was no mention of the employees having insurance coverage. Here, she argues, the situation is exactly the same as in the *Carter* case because there is a showing that the appellee has malpractice insurance.

The appellant's argument is correct. Our holding in *Carter* v. *Bush, supra,* is applicable here, whereas the *Beaulieu* case is distinguishable on the basis she asserts.

Reversed and remanded.