Randall Mathis, Acting Director Department of Pollution Control Ecology 8001 National Drive Post Office Box 9583 Little Rock, AR 72209
Dear Mr. Mathis:
This is in response to a request of your predecessor for an opinion on the possible liability exposure of members of local emergency response committees established by Executive Order 87-2 and the Emergency Planning and Community Right-to-Know Act of 1986 (codified at 42 U.S.C. § 11001, et seq. (Supp. 1988)). The federal act requires the governor of each state to appoint a state emergency response commission, which in turn will appoint members of local emergency response committees. According to the federal act, each local committee is to include elected state and local officials, law enforcement personnel, civil defense, firefighters, first aid, health and local environmental representatives; hospital, transportation, and media representatives; community groups and facility owners. The local committees are charged with several duties under the federal act, the most prominent of which is the preparation of an emergency response plan.
In my opinion, such individuals are immune from liability for their official actions as committee members under A.C.A.19-10-305.*
That statute 19-10-305, was enacted in 1981 and provides simply:
 Officers and employees of the State of Arkansas are immune from civil liability for acts or omissions, other than malicious acts or omissions, occurring within the court and scope of their employment.
This statute has been interpreted, however, to mean that state officers and employees are immune to the extent there exists no liability insurance covering their actions. Bly v. Young,293 Ark. 36, 732 S.W.2d 157 (1987). But cf. Note Bly v. Young, Beaulieu v. Gray, and Carter v. Bush, The Arkansas State Employee Immunity Trilogy, 41 Ark. L. Rev. 893 (1987).
It is my opinion that members of the local emergency response committees are entitled to immunity under A.C.A. 19-10-305. They are appointed by the state commission and their duties are prescribed by law. Thomas v. Sitton, 213 Ark. 816, 212 S.W.2d 710
(1948). While there is no definitive case law on point, it is my opinion that the members exercise the sovereign powers necessary to bring them within this statute. As such, they are immune from liability for their official acts as committee members.
Although other Arkansas immunity laws are potentially implicated by the question you present (see, e.g., A.C.A. 16-6-101, et seq. and 16-120-101 et seq. and Op. No. 88-278, a copy of which is enclosed**), in my opinion the strongest argument can be made that such individuals are immune from liability for their official acts under A.C.A. 19-10-305.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
* Although their activities are set out by federal law, it is my opinion that such members are not federally employed, or officers of the federal government so as to render applicable the provisions of the Federal Tort Claims Act, (28 U.S.C. § 2680).
** NOTE: Opinion No. 88-278 is not reproduced here — but can be found under its own page label in this file.