The Honorable Mike Todd State Representative 333 W. Court Street Paragould, Arkansas 72450
Dear Representative Todd:
This is in response to your request for an opinion on the following question:
 When a juvenile probation or intake officer is required to transport juveniles subject to a court order, who has the liability for any damages or injuries which may occur as a result of an accident or other activity involved in the transporting of the juvenile? Will liability rest with the juvenile probation or intake officer personally or with the county being served?
The answer to your question may be that no one is liable for such an injury, or at the most, liability may exist only to the extent of any liability insurance coverage. This conclusion is based upon the fact that the state, state employees and officers, political subdivisions, and their employees and officers are in most instances immune from tort liability in Arkansas courts.[1]
Because your question involves juvenile probation officers and juvenile intake officers, a discussion of their status as either state employees or county employees is necessary for purposes of the immunity provisions. A very strong circumstance that a particular employee is a state employee is if he is paid by the state. McDANIEL v. MOORE, 196 Ark. 201, 118 S.W.2d 272 (1938). In this regard, it should be noted that A.C.A. 16-13-327 (Supp. 1989) provides, in pertinent part, as follows:
 (d) The salaries of the probation officers shall be paid by the county or counties in which the probation officer works; except that, beginning August 1, 1990, the state shall pay a portion of the salary of a full-time probation officer who is certified according to the laws of this state and whose salary has been paid by the county or counties for a period of one (1) year. The portion to be paid by the state shall be the lesser of either fifteen thousand dollars ($15,000) a year or one-half (1/2) the probation officer's average salary as calculated over the last twelve (12) months.
The salaries of juvenile intake officers are set out precisely the same way in A.C.A. 16-13-328 (Supp. 1989). Thus, in most cases, the state pays half the salary of juvenile probation officers and juvenile intake officers. The county pays the remainder. This fact is not particularly helpful in determining whether these persons are employees of the state or of the county. The statutes cited above also provide that each of these officers "shall be employed by the juvenile division of chancery court and shall serve at the pleasure of the judge of the juvenile division." A.C.A. 16-13-327(b) and 16-13-328 (b). Thus, the officers are employed by the chancery courts. The chancery courts are state courts, although some of their expenses are paid by the counties. A.C.A. 16-13-324. It may well be, then, that the juvenile probation officers and juvenile intake officers are state employees. If so, two immunity provisions will be applicable. It is clear as a potential plaintiff could not name the state as a defendant. Arkansas Constitution Art. 5, 20. Likewise, officers and employees of the state are immune from civil liability for their non-malicious official actions under A.C.A. 19-10-305, which provides as follows:
 (a) Officers and employees of the State of Arkansas are immune from civil liability for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.
Employees of the state may, however, be held liable for acts done in the performance of their duties as state employees to the extent the employee carries liability insurance. BLY v. YOUNG,293 Ark. 36, 732 S.W.2d 157 (1987). BUT CF. Note, BLY v. YOUNG, BEAULIEU v. GRAY, AND CARTER v. BUSH: THE ARKANSAS STATE EMPLOYEE IMMUNITY TRILOGY, 41 Ark. L. Rev. 893 (1987).
Even if the juvenile probation officers and the juvenile intake officers are county employees, they would be immune from suit under A.C.A. 21-9-301, which provides:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability for damages. No tort action shall lie against any such political subdivisions because of the acts of their agents and employees.
Although the statute above speaks only in terms of the immunity of the political subdivision itself, the statute has been interpreted as extending the immunity to officers and employees of the political subdivisions as well when they negligently commit acts or omissions in their official capacities. SEE e.g. AUTRY v. LAWRENCE, 286 Ark. 501, 696 S.W.2d 315 (1985), (stating that it was the intent of the General Assembly in enacting A.C.A. 21-9-301
to grant immunity to municipal agents and employees for acts of negligence committee in their official capacities). SEE ALSO MATTHEWS v. MARTIN, 280 Ark. 345, 658 S.W.2d 374 (1983). It should also be noted, however, that political subdivisions are required to carry liability insurance on their motor vehicles or become self-insurers in the amounts specified in the Motor Vehicle Safety Responsibility Act, 27-19-101 ET SEQ. A.C.A. 21-9-303
(Supp. 1989). Political subdivisions who fail to carry this insurance are liable notwithstanding the immunity granted in A.C.A. 21-9-301. STURDIVANT v. FARMINGTON, 255 Ark. 415,500 S.W.2d 769 (1973).
It is thus my opinion that if an accident were to occur while a juvenile probation officer or a juvenile intake officer was transporting a juvenile, liability would likely be limited to any applicable liability insurance (but see STURDIVANT, SUPRA), unless the act or omission which caused the accident was malicious, or outside the course and scope of the employee's official duties.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] It should be noted that although the premise of your question would likely not lead to any constitutional challenges, public officers and employees are generally entitled to qualified immunity in the federal courts. SEE, E.G., FOGLE v. BENTON COUNTY SCAN, 665 F. Supp. 729 (W.D.Ark. 1987).