Lelia Boyd CUNDIFF *v.* Carol CRIDER, Ann Majure,
Bob Clark, Dawn Cook, Melanie Brown, Terrie Weaver,
and Penny Guenther

90-108                                    792 S.W.2d 604

Supreme Court of Arkansas
Opinion delivered July 16, 1990

*John Logan Burrow*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen.,
for appellee.

STEELE HAYS, Justice. Marisa Lee Cundiff, age thirteen, is severely retarded and autistic. She resides at the Human Development Center at Conway, Arkansas. Marisa's mother is Lelia Boyd Cundiff, the plaintiff-appellant in this action. Appellees are employees of the Human Development Center.

During a visit between Mrs. Cundiff and Marisa at the Center Mrs. Cundiff was observed by some of the appellees to kiss and embrace her daughter and to lick, kiss and smell Marisa's fingers. The appellees suspected sexual abuse and reported their observations to other appellees, resulting in an investigation by the Division of Children and Family Services of the Department of Human Services. The investigative unit determined that credible evidence of abuse and neglect existed. Mrs. Cundiff requested administrative review and the determination of abuse and neglect was reversed and Mrs. Cundiff was absolved of any criminal activity.

Mrs. Cundiff filed a libel suit against the appellees, who responded with a motion to dismiss pursuant to ARCP Rule 12(b)(6), for failure to state a claim for which relief could be granted because defendants are immune from suit pursuant to Ark. Code Ann. § 19-10-305 (1987), and because there was no publication.

The trial court treated the motion to dismiss as a motion for summary judgment. It determined that the complaint contained no allegation that the appellees had not acted in good faith, that there had been no publication of the alleged defamation and that appellees were protected by the doctrine of qualified privilege. Mrs. Cundiff appeals.

Arkansas Code Annotated § 12-12-504(a) (1987) provides that when any physician, surgeon, coroner, dentist, osteopath, resident intern, social service worker, day care center worker, or any other child or foster care worker, mental health professional or law enforcement official has reasonable cause to suspect that a child has been subjected to abuse or sexual abuse or neglect, they *shall* immediately report to the Department of Human Services. Subsection (c) provides that "any other person" *may* report such suspected cases.

The original act of which § 12-12-504 is a part, and

several amendments, contain emergency clauses noting the prevalence of cases of child abuse and the need for prompt and effective response to suspected instances of abuse. The broad inclusion of health professional and law enforcement personnel specified in the act and the use of the mandatory *shall* attests to the urgency with which the legislature viewed the problem. In short, we construe § 12-12-504 as imposing a compelling duty on the classes of persons named therein to act when they have "reasonable cause to suspect" sexual abuse, defined elsewhere in the act as including "sexual activity" and any deviate sexual activity.

■ That provision alone would, we believe, create a qualified privilege under the law for the protection of those acting in furtherance of the duty imposed by § 12-12-504. See W. Prosser and W. Keeton, *Prosser and Keeton on Torts*, § 115, 5th ed. (1984); *Ikani* v. *Bennett*, 284 Ark. 409, 682 S.W.2d 747 (1985). However, the legislature did not leave it with that, as § 12-12-510 (1987) makes specific provision for immunity from liability for reports made in good faith:

Good faith report — Immunity from liability.

(a) Any person, official, or institution participating in good faith in the making of a report, the taking of photographs, or the removal of a child pursuant to this subchapter shall have immunity from any civil or criminal liability that otherwise might result by reason of such actions. For the purpose of any civil or criminal proceedings, the good faith of any person required to report cases of child abuse, sexual abuse, or neglect shall be presumed.

(b)(1) Any person, official, or institution willfully making a false report of suspected abuse, neglect, or sexual abuse, knowing these allegations to be false, or with reckless disregard as to the truthfulness disregard as to the truthfulness of the allegations, shall, upon conviction therefore, be subject to a fine of one hundred dollars ($100) and up to five (5) days in jail.

(2) The department or prosecuting attorney is empowered to file petitions in the appropriate court seeking imposition of penalties for violation of this section.

■ We think the appellees are correct in the contention, as the trial court found, that the complaint failed to state facts sufficient to overcome the protection provided under the law to those individuals who are constrained by the mandate of § 12-12-504 to report suspected abuse to the Department. Nothing in the complaint alleges or even suggests that the appellees acted spitefully or in bad faith in reporting their observations and we think it would be wholly inconsistent with the letter and the spirit of the Child Abuse Reporting Act to hold that immunity and privilege cannot prevail against a complaint which alleges essentially that the defendants were negligent or careless in their assumptions or that their accusations were unfounded.

While we think the appropriate treatment of the appellee's motion to dismiss was pursuant to ARCP Rule 12(b)(6), we agree with the trial court's order of dismissal and accordingly we affirm as modified.

DUDLEY, NEWBERN, and PRICE, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. In my opinion the majority opinion is in error in holding that the appellees are immune from suit as long as they acted in good faith. They are immune from liability, not suit, and there is a vast difference.

The majority opinion states that there may be a common law qualified immunity for performing the duty imposed by law in this case. That statement is, at best, difficult to understand since the legislature has specified the kind of immunity which is applicable to this case. The statute, Ark. Code Ann. § 12-12-510 (Supp. 1989), is correctly quoted in the majority opinion as providing, "*immunity from* any civil or criminal *liability* [for making reports]." (Emphasis added.) We have expressly held that this statute "provides only an *immunity from liability* if good faith is shown as opposed to an immunity from suit." (Emphasis in original.) *Jaggers v. Zolliecoffer*, 290 Ark. 250, 718 S.W.2d 441 (1986).

There is another statute which is clearly applicable but not mentioned in the majority opinion. It is Ark. Code Ann. § 19-10-305(a) (Supp. 1989), which provides that "Officers and employees of the State of Arkansas are *immune from civil liability* for acts . . . other than malicious acts . . . occurring within the

course and scope of their employment." (Emphasis supplied.) As set out in the majority opinion, all of the appellees are state employees, and they were acting in the scope of their employment. Thus, the appellees are immune from *liability*, not suit, under the two quoted statutes.

An example of immunity from suit is found in Ark. Code Ann. § 16-10-406 (Supp. 1989), which provides: "Members of the commission, referees, commission counsel and staff shall be absolutely immune from suit . . . ."

We have recognized the distinction between immunity from liability and immunity from suit in three cases, *Bly* v. *Young*, 293 Ark. 36, 732 S.W.2d 157 (1987); *Beaulieu* v. *Gray*, 288 Ark. 395, 705 S.W.2d 880 (1986); and *Carter* v. *Bush*, 283 Ark. 16, 677 S.W.2d 837 (1984) (substituted opinion on denial of rehearing). In each of these "immunity from liability" cases we wrote that suit could lie against the state employee but that employee would not be personally liable. However, if the employee had liability insurance which covered the wrongful act, the insurance company would be liable. In addition, as noted in *Beaulieu* v. *Gray, supra*, if a plaintiff obtains a judgment against a state employee, the State Claims Commission might pay the judgment, even if the employee is not personally liable. *See also, Bly* v. *Young, Beaulieu* v. *Gray, and Carter* v. *Bush: The Arkansas State Employee Immunity Trilogy*, 41 Ark. L. Rev. 893 (1988).

The majority opinion is in error in holding that the appellees are immune from suit, rather than immune from liability and, accordingly, I dissent.

NEWBERN and PRICE, JJ., join in this dissent.