Mr. B. Alan Sugg, President University of Arkansas University Tower Building, Suite 601 1123 South University Little Rock, Arkansas 72204
Dear Mr. Sugg:
This is in response to your request for an opinion on three questions concerning the immunity from liability of faculty physicians at the University of Arkansas for Medical Sciences ("UAMS") for acts or omissions arising out of and in the scope and course of their employment, and the effect of malpractice insurance on this immunity from liability. Your three questions will be set out separately and answered below.
Your first question inquires as to the correctness of the belief of UAMS that its faculty and other employees who are named insureds under a policy of liability insurance are entitled to immunity from civil liability for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment with UAMS. You state that UAMS holds this belief based upon A.C.A. § 19-10-305 and Arkansas Constitution, art. 5, § 20.
It is my opinion that the correctness of this belief has been modified by the General Assembly at the 1991 regular session. The statute cited above, (A.C.A. § 19-10-305), was amended by Act 542 of 1991, so as now to provide not only immunity from liability,
but immunity from suit as well. The relevant portion of the statute now reads:
 (a) Officers and employees of the State of Arkansas are immune from liability and suit for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.
A.C.A. § 19-10-305(a) (Cum. Supp. 1991). See alsogenerally, Cundiff v. Crider, 303 Ark. 120, 792 S.W.2d 604
(1990) (Dudley, J. dissenting).
Although the Arkansas Supreme Court has not yet interpreted this new language, it appears that state employees, under this amended statute, may now not be sued in their individual capacities at all if the actions complained of fall within the terms of the statute.[1] They may not now be named as defendants. Presumably, however, the provisions of A.C.A. § 23-79-210 (the "direct action" statute) would apply, and allow an injured plaintiff the right to proceed against the private insurance carrier.[2]
Your second question inquires as to the correctness of UAMS' belief that its faculty and other employees are not immune from suit, but that liability is limited to any applicable insurance coverage, and employees would not be personally liable. This conclusion is based upon a triology of cases. Bly v. Young,293 Ark. 36, 732 S.W.2d 154 (1987); Beaulieu v. Gray, 288 Ark. 395,705 S.W.2d 850 (1986); and Carter v. Bush, 283 Ark. 16,677 S.W.2d 837 (1984).
Again, the 1991 amendment to the statute now makes these employees, under certain circumstances, immune from suit. To this extent, the belief of UAMS is no longer correct.
Your third question involves the ability of a claimant to pursue a claim in the Arkansas State Claims Commission over and above the amount covered by insurance for acts or omissions of faculty or other employees of UAMS. You ask whether such an action could be maintained in the Claims Commission, and if so, whether any award in favor of the claimant would be reduced by the amount of the insurance benefits paid to the claimant.
Your question must be viewed in light of the changes in the law which have been noted above. If a claimant pursues a direct action against an insurer, which it now must do as the employees are immune from suit, and recovers an amount which exceeds the insurance coverage, it is my opinion that the Claims Commission would not have jurisdiction of a claim for an additional award if the action is one against an individual employee and not the state or one of its institutions.
The jurisdiction of the State Claims Commission is set out at A.C.A. § 19-10-204 (Cum. Supp. 1991) as follows:
 (a) Except as otherwise provided by law, the Arkansas State Claims Commission shall have exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments, and institutions but shall have no jurisdiction of claims against municipalities, counties, school districts, or any other political subdivisions of the state.
The statute above does not give the Commission jurisdiction over actions against state employees. It is granted only as to the state and its agencies, departments, and institutions. This distinction is discussed in Note, Bly v. Young, Beaulieu v.Gray, and Carter v. Bush: The Arkansas State Employee ImmunityTrilogy, 41 Ark. L. Rev. 893 (1988), as follows:
 The General Assembly failed, when it enacted the immunity provision, to expressly state that the Claims Commission has exclusive jurisdiction to hear claims brought against state employees. As it now stands, the Commission has jurisdiction `over all claims against the State of Arkansas and its several agencies, departments, and institutions. . . .' [Footnote omitted.] That language was a part of the original act which created the Claims Commission [footnote omitted] and, based on the judicial distinctions between actions against the state itself and actions against state employees, has been interpreted to give the Commission jurisdiction only over claims brought against the state itself. Thus, if such a distinction still remains and the Page v. McKinley standard is still to be applied, parties injured by state employees might be without a remedy. The injured party would be denied relief in a state court because state employees are immune but would also be denied relief from the Claims Commission because actions against state employees, based on Page, would not constitute actions against `the State of Arkansas and its several agencies, departments, and institutions.' [Footnote omitted.]
Note, supra at 913-914.
Of course, the above analysis does not mention the possibility of insurance, which in any event, the state employer is not, in most instances, required to procure. A.C.A. § 23-79-210 (c)(1). Butsee, e.g., A.C.A. § 12-12-308. Special statutes and rules may also apply to state motor vehicles. See e.g., A.C.A. §27-13-102(c) (Cum. Supp. 1991).
It has been held additionally, on constitutional grounds, that the State Claims Commission may not be given exclusive jurisdiction of tort claims against state employees or officers for their tortious actions. Grimmett v. Digby, Circuit Judge,267 Ark. 192, 589 S.W.2d 579 (1979).
If, however, a successful litigant recovers against UAMS' private insurer to the policy limits, and then seeks to recover the balance of the judgment awarded in the Claims Commission, withthe state agency or institution as the defendant, it is possible, but unlikely in my opinion, that the Claims Commission would grant an award of additional funds to satisfy the judgment. In such a case, any award would, of course, be reduced by the amount recovered by the claimant from UAMS' insurer. A.C.A. §19-10-303(a).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Of course, this is not the rule for federal causes of action, such as those brought under 42 U.S.C. § 1983. The immunity provided in those instances is only a "qualified" immunity. See e.g. Folge v. Benton County Scan,665 F.Supp. 729 (W.D.Ark. 1987). In addition, some federal courts will entertain "pendent" state tort claims attached to these actions.
[2] This is true unless a litigant could successfully argue that by maintaining liability insurance, an agency has waived the immunity of its employees to this extent, and thus the employee may still be named as a defendant. The success of the argument will have to be determined by the Arkansas Supreme Court. It appears, however, that waivers of immunity are not lightly inferred, and waivers by implication are not favored. Seegenerally 81A C.J.S. States, § 299.