The Honorable B.G. Hendrix State Representative 2215 South 40th Street Fort Smith, AR 72903
Dear Representative Hendrix:
This is in response to your request for an opinion on the following question:
 Do the members of regional solid waste management boards enjoy immunity from civil liability for their actions as board members and, if so, to what extent are they immune?
I assume that this question is asked with regard to regional solid waste management boards created under Act 752 of 1991 (A.C.A. §§ 8-6-701—814 (Supp. 1991)). Section 4 of Act 752, codified in pertinent part at A.C.A. § 8-6-807 (Supp. 1991), specifically addresses liability of board members in connection with revenue bonds or contracts of the district, and states:
 No members of the board shall be personally liable on the bonds or for any damages sustained by anyone in connection with any contracts entered into in carrying out the purpose and intent of this subchapter unless he shall have acted with corrupt intent.
The above provision is self-explanatory with respect to liability in the context of bonds or contracts. Act 752 does not contain a provision addressing tort liability. It is my opinion, however, that the board members are, as a general matter, immune from tort liability for negligent acts committed in the performance of their official duties, under either A.C.A. §§ 19-10-305(a) (Cum. Supp. 1991) or 21-9-301 (Cum. Supp. 1991). The former provision states that officers and employees of the State of Arkansas are immune from liability for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment. See generally Carter v. Bush, 283 Ark. 16,677 S.W.2d 837 (1984).[1] The latter Code section states that political subdivisions of the state are immune from liability. The Arkansas Supreme Court has construed this provision as granting immunity from tort liability to the public officials named therein, i.e., "agents and employees" of the political subdivision, for acts of negligence committed in their official capacity. Battle v. Harris, 298 Ark. 241, 766 S.W.2d 431
(1989). The immunity does not extend, however, to intentional torts committed by those officials. Waire v. Joseph,308 Ark. 445, 825 S.W.2d 594 (1992). It should also be noted that public officers and employees are generally entitled to qualified immunity in the federal courts. See Fogel v. Benton CountyScan, 665 F.Supp. 729 (W.D. Ark. 1987).
Reference should also be made to A.C.A. §§ 16-120-101—104 (Cum. Supp. 1991), which states that no member of any governing body of any governmental entity shall be personally liable for the negligent act or omission of other members.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This office has previously concluded that regional solid waste management districts are "state agencies" under the state procurement statutes. Op. Att'y Gen. 91-442 at 2.