Mr. James L. Salkeld Director of Labor Arkansas Department of Labor 10421 West Markham Little Rock, AR 72205
Dear Mr. Salkeld:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). You state that the Department of Labor has in its possession certain payroll and wage rate information from contractors throughout the state. I have paraphrased your questions as follows:
 1. Are copies of payroll records obtained by the department as a result of investigations of public works projects to determine compliance with A.C.A. §§ 22-9-301, et seq., subject to disclosure under the FOIA?
 2. Are wage rates paid by contractors not employed on public works projects obtained by the department in response to wage surveys to determine prevailing wage rates pursuant to A.C.A. § 22-9-313 subject to disclosure under the FOIA?
 3. If the department releases the information described in Questions 1 and 2, does it face any potential liability for the release of such information?
The answer to your first two questions will require a factual determination, and thus cannot be answered with a simple "yes" or "no." Records of payroll and wage rates maintained by the department would generally be subject to disclosure unless the entity seeking nondisclosure can establish that the information falls within the exception to the FOIA for records which, if disclosed, would give advantage to competitors or bidders.
With regard to this issue, A.C.A. § 25-19-103(1) states:
 `Public records' means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are
or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records. [Emphasis added.]
The public policy behind the FOIA indicates that public records are presumed to be open. See Commercial Printing Co. et al. v.Rush, et al., 261 Ark. 468, 549 S.W.2d 790 (1977). The records are to be closed only if they fit within one of the specific exemptions. It is my opinion that the payroll and wage rate records maintained by the department fall within the statutory definition of public records as set out at § 25-19-103(1). As such, the payroll and wage rate records are open to inspection and copying under the FOIA, unless they fall within an exception to the act.
There is an argument that such information might qualify for the exemption set out at § 25-19-105(b)(9)(A) as records which, if disclosed, would give advantage to competitors or bidders. The exemption provides in pertinent part that:
 It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter: . . . [f]iles which, if disclosed, would give advantage to competitors or bidders. . . .
This section would seem to be particularly relevant if the information sought is from bidders which engage in sealed bid competitive bidding on projects where the wage rates are not disclosed in the bidding process.
In Attorney General Opinion 91-390, this office stated that the determination as to whether information might be protected from disclosure under the competitive advantage exemption of the FOIA must be made on a case-by-case basis. See Laman v. McCord,245 Ark. 401, 432 S.W.2d 753 (1968). Every business has its unique characteristics which, if revealed, may or may not give advantage to a competitor. The responsibility of reviewing this information falls on the custodian of the record; but she or he in turn must rely on information supplied by the business in determining the nature of the information. While a business entity that has submitted payroll information to the Department of Labor might legitimately claim that its payroll records were exempt from disclosure, the burden of proving eligibility for the exemption is upon the entity seeking nondisclosure. See GannetRiver States Publishing Co. v. Ark. Indus. Dev. Comm'n.,303 Ark. 684, 799 S.W.2d 543 (1990). The entity must prove that the disclosure of proprietary information would cause substantial harm to its competitive position before qualifying for the exemption from public disclosure. See Op. Att'y Gen. 87-194.
With regard to your third question, it is my opinion that the department would generally be protected from civil liability as a result of the release of such information, based upon the doctrine of sovereign immunity.
Sovereign immunity originates with Article 5, § 20 of the Arkansas Constitution, which provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Additionally, A.C.A. § 19-10-305 (1987 Cum. Supp. 1991) provides in pertinent part that:
 Officers and employees of the State of Arkansas are immune from liability and suit for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.
Thus, the Arkansas Constitution provides for sovereign immunity and A.C.A. § 19-10-305 provides for immunity of officers and employees of the state. It is my opinion that these provisions would generally preclude a suit for damages against the custodian of the records or the Department of Labor. The custodian, as an employee of the department, would be immune from liability for non-malicious acts occurring within the course of her or his employment. See generally Beaulieu v. Gray, 288 Ark. 395,705 S.W.2d 880 (1986); Carter v. Bush, 283 Ark. 16,677 S.W.2d 837 (1984).
With regard to any criminal penalties, reference must be made to A.C.A. § 25-19-104 (Repl. 1992), which states that anyone who "negligently violates" the FOIA shall be guilty of a misdemeanor and punished by a fine of not more than two hundred dollars or thirty days in jail, or both, or "a sentence of appropriate public service or education, or both." The applicability of this provision will turn on the specific facts of each case.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh