Mr. Frank G. Adams, President Cossatot Technical College P.O. Box 960, Hwy. 70 West DeQueen, Arkansas 71832
Dear Mr. Adams:
This is in response to your request for an opinion on the following questions concerning the use of personal vehicles to transport the technical college's staff members, students, or clients:
 1. When using a personal vehicle on official state business, is the staff person an agent of the state and thus comes under the state's liability rather than personal liability?
 2. In cases where a student or client has no means of getting to or from a class or counseling session and a staff member transports them, is the staff person personally liable for the student?
You state that some area agents for insurance companies have indicated that if a member of your staff transports another employee, a student, or client as an agent of the state (agency employee), the personal vehicle insurance may be void.
In response to your first question, assuming that the staff person was acting nonmaliciously and in the course and scope of employment for the state, it is my opinion that personal liability is, as a general matter, unlikely. Arkansas Code Annotated 19-10-305 (Cum. Supp. 1993) states in relevant part:
 Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability
 insurance, for damages for acts or omissions other than malicious acts or omissions, occurring within the course and scope of their employment.
It is thus clear that in most instances, state officers and employees will not incur any personal liability for their nonmalicious acts.[1] See Carter v. Bush, 283 Ark. 16,677 S.W.2d 837 (1984). A fact question may, of course, arise concerning the status of an individual as a state employee in any particular instance.
It must also be noted in responding to your first question that to the extent your inquiry is focused on determining what, if any, insurance liability coverage applies in this situation, this will involve a factual determination that is not within the scope of an Attorney General opinion. Any insurance coverage question would require reference to the particular policy or policies and the surrounding facts and circumstances.
With regard to your second question, as stated above, personal liability is unlikely, assuming that the staff member was acting within the course and scope of his or her state employment, that is, as part of his or her employment and not as a volunteer; and assuming that the acts or omissions complained of were nonmalicious. Again, however, fact questions may arise as to whether a staff member is indeed acting in an official capacity. A.C.A. 19-10-305 (Cum. Supp. 1993).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that although the premise of your question leads me to believe that a constitutional challenge would be unlikely, public officers and employees are generally entitled to qualified immunity in federal court. See, e.g., Anderson v. Creighton, 483 U.S. 635 (1987) (stating that the test of qualified immunity for individual officers turns upon the "objective legal reasonableness of the action" assessed in light of the legal rules that were "clearly established" at the time it was taken.)