The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, Arkansas 72936-0610
Dear Representative Wilkinson:
This official Attorney General opinion is rendered in response to your recent questions regarding rural fire protection districts.
You have asked:
 (1) Is the board of a fire protection district authorized by the provisions of A.C.A. § 14-284-209 to employ a chief by contract or other salary?
 (2) Is the board of a fire protection district liable for the action or non-action of the chief and other officers?
 (3) If an officer is not properly trained or is negligent in his responsibilities, can the board, chief, and/or department be sued?
(4) What are the duties of a fire protection district chief?
 (5) Does the chief answer to the board for not carrying out federal, state, and local laws, rules and regulations?
 (6) What recourse does the board have if the chief does not follow federal, state, and local laws, rules and regulations?
RESPONSE
Question 1 — Is the board of a fire protection district authorized by theprovisions of A.C.A. § 14-284-209 to employ a chief by contract or othersalary?
It is my opinion that the board of a fire protection district is authorized by the provisions of A.C.A. § 14-284-209 to employ a chief by contract or other salary. That statute states:
 (b) The board may employ a director and such other employees as it deems necessary to carry out the purposes of the district. Employees of the board shall have such responsibilities and receive such compensation, if any, as may be prescribed by the board.
A.C.A. § 14-284-209(b).
The above-quoted statute unambiguously gives the board wide discretion not only to hire such employees as it deems necessary to carry out the purposes of the district, but also to determine and prescribe the compensation of those employees.
The wide discretion granted in A.C.A. § 14-284-209 is further bolstered by A.C.A. § 14-284-211, which sets forth the power and authority of the board, as follows:
 The board of commissioners of any district created pursuant to this subchapter shall have the power and authority to:
 (1) Execute contracts and other instruments for and in behalf of the district;
 (2) Cooperate with any other fire protection district, municipal fire department, or any political subdivision or agency of this state or the United States in carrying out the purposes of the district;
 (3) Establish rules and regulations for the transaction of the district's business and for carrying out the purposes of the district;
 (4) Make assessments of benefits against real property in the district benefited by fire protection services of the district and provide for the collection of the assessments;
 (5) Issue bonds as provided in this subchapter to finance the district and its purposes. However, districts established by ordinance of the quorum court shall have no authority to issue bonds unless the question is first submitted to and approved by the electors of the district as provided in 14-284-204 and 14-284-205; and
 (6) Do any and all other actions necessary or desirable to enable the board to carry out its responsibilities and to accomplish the purposes of the district.
A.C.A. § 14-284-211.
In prescribing the authority of the board in both A.C.A. § 14-284-209 and -211, the legislature clearly granted the board authority that is broad enough to encompass the power to employ a chief by contract or other salary arrangement. Legislative language that is unambiguous should be interpreted just as it reads. U.S. v. Anderson, 626 F.2d 1358 (8th Cir. 1980); State ex rel. Bryant v. McCleod, 318 Ark. 781, 888 S.W.2d 639
(1994).
Question 2 — Is the board of a fire protection district liable for theaction or non-action of the chief and other officers?
It is my opinion that the answer to this question will depend upon the nature of the particular action or non-action in question.
Board members of fire protection districts, in my opinion, are entitled to a certain extent of immunity from liability arising out of the actions of employees under the provisions of various statutes, discussed below. However, the applicability of those statutes to particular situations must be determined on a case-by-case basis in light of all of the attendant facts and circumstances. For this reason, I cannot render a definitive opinion in response to your question; however, I will review the laws that should be considered in evaluating particular situations.
The fire protection district board members may be entitled to immunity under the provisions of A.C.A. § 21-9-301, which creates immunity for various political subdivisions. That statute states:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability and from suit for damages, except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
A.C.A. § 21-9-301. See Op. Att'y Gen. No. 88-023 (fire protection districts are "special improvement districts" within the meaning of A.C.A. § 21-9-301.) This provision has been applied only in situations involving tort liability.
It should be noted that the above-quoted grant of immunity applies generally to nonmalicious acts, but that it contains an exception to the extent of liability insurance coverage. Therefore, while board members generally cannot be held liable for nonmalicious acts, they can be held liable for such acts to the extent that such acts are covered by liability insurance. They can also, of course, be held liable for malicious acts. Cf. Carter v. Bush, 283 Ark. 16, 677 S.W.2d 837 (1984).
Another source of possible immunity for fire protection district board members may be A.C.A. § 16-120-102, which states in pertinent part:
 (a) Except as otherwise provided by this chapter, no member of any board, commission, agency, authority, or other governing body of any governmental entity and no member of the board of directors of a nonprofit corporation that holds a valid federal income tax exemption issued by the Internal Revenue Service shall be held personally liable for damages resulting from:
 (1) Any negligent act or omission of an employee of the nonprofit corporation or governmental entity; or
 (2) Any negligent act or omission of another director or member of the governing body of the governmental entity.
A.C.A. § 16-120-102(a).
The pertinent exception to the above-quoted grant of immunity is stated in A.C.A. § 16-120-103, as follows:
 (a) The immunity provided by this chapter shall not extend to acts or omissions of directors of nonprofit corporations or members of boards, commissions, agencies, authorities, or other governing bodies of any governmental entity which constitute ordinary or gross negligence personal to the director or member or to intentional torts committed by a director or member.
A.C.A. § 16-120-103(a).
Each of the above-cited statutory grants of immunity should be considered in determining whether a particular situation gives rise to liability on the part of fire protection district board members.
Question 3 — If an officer is not properly trained or is negligent in hisresponsibilities, can the board, chief, and/or department be sued?
It is my opinion that this question, like Question 2, must be answered on a case-by-case basis, in light of the particular facts and circumstances. Each such case must be evaluated under the principles of law that are set forth in response to Question 2.
Question 4 — What are the duties of a fire protection district chief?
State law does not establish the specific duties of fire protection district chiefs. It is my opinion that state law grants the board the authority to determine the chief's duties.
A.C.A. § 14-284-209(b) unambiguously states that "employees of the board shall have such responsibilities and receive such compensation, if any, as may be prescribed by the board." In addition, the board is empowered by A.C.A. § 14-284-211(3) to "[e]stablish rules and regulations for the transaction of the district's business and for carrying out the purposes of the district." These provisions clearly place the responsibility for establishing the chief's duties within the discretion of the fire protection district board. See also Op. Att'y Gen. No. 96-392.
Question 5 — Does the chief answer to the board for not carrying outfederal, state, and local laws, rules and regulations?
It is my opinion that under the provisions of A.C.A. § 14-284-209 and -211, quoted previously in this opinion, the chief is an employee of the board and is therefore answerable to the board in connection with any matter concerning his or her duties. If the matter under consideration is one involving a failure of the chief to carry out federal, state, or local law, rules, or regulations in connection with the performance of his or her official duties as chief, the chief is, in that instance, answerable to the board concerning that matter.
Question 6 — What recourse does the board have if the chief does notfollow federal, state, and local laws, rules and regulations?
It is my opinion that because the chief is employed at the pleasure of the board, pursuant to the provisions of A.C.A. § 14-284-209 and -211, and because the board is given wide discretion in seeing that the district's purposes are carried out through appropriate employees, Id., the board therefore has the discretion to determine the proper recourse for the chief's failure to satisfy the board in any manner, including the chief's failure to comply with federal, state, or local laws, rules, or regulations. The board may therefore take the recourse that it determines to be appropriate to the situation, as duly established by the board through its policy-making and rule-making authority.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh