The Honorable Gus Wingfield, Auditor 230 State Capitol Little Rock, Arkansas 72201
Dear Mr. Wingfield:
This official Attorney General opinion is rendered in response to two questions you have raised concerning the Board of Directors of the Commercial Mobile Radio Services (CMRS) Emergency Telephone Services, which was created by Act 810 of 1997.
You have asked:
 (1) Does the Board need liability insurance and/or officers' and directors' errors and omissions insurance, or will the original Act or the Amendment added by Act 810 of 1997 afford the Board protection in these areas?
 (2) Are Board "members" to be the "individual" who is selected to represent the corporation, or is the corporation itself to be a Board member?
RESPONSE
Question 1 — Does the Board need liability insurance and/or officers' anddirectors' errors and omissions insurance, or will the original Act orthe Amendment added to the Act by Act 810 of 1997 afford the Boardprotection in these areas?
It is my opinion that two statutes (discussed below) provide a certain measure of immunity from liability for the Board and its members. However, because these statutes limit the scope of immunity provided, the Board should seek the advice of its counsel concerning the desirability of obtaining insurance coverage for those areas not protected by statutorily-granted immunity. It should be noted that the Arkansas Supreme Court has stated: "Although an immune entity is not required to carry insurance, if it does so then an injured party may sue the insurance carrier directly for the extent of the coverage." Cherry v.Tanda, 327 Ark. 600, 611, 940 S.W.2d 457 (1997).
One possible statutory source of limited immunity for the CMRS Board and its members is A.C.A. § 16-120-102, which states in pertinent part:
 (a) Except as otherwise provided by this chapter, no member of any board, commission, agency, authority, or other governing body of any governmental entity and no member of the board of directors of a nonprofit corporation that holds a valid federal income tax exemption issued by the Internal Revenue Service shall be held personally liable for damages resulting from:
 (1) Any negligent act or omission of an employee of the nonprofit corporation or governmental entity; or
 (2) Any negligent act or omission of another director or member of the governing body of the governmental entity.
A.C.A. § 16-120-102(a).
The pertinent exception to the above-quoted grant of immunity is stated in A.C.A. § 16-120-103, as follows:
 (a) The immunity provided by this chapter shall not extend to acts or omissions of directors of nonprofit corporations or members of boards, commissions, agencies, authorities, or other governing bodies of any governmental entity which constitute ordinary or gross negligence personal to the director or member or to intentional torts committed by a director or member.
A.C.A. § 16-120-103(a).
Possible immunity for the CMRS Board and its members may also arise out of A.C.A. § 19-10-305, which grants general immunity to state officers and employees. It states:
 (a) Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.
A.C.A. § 19-10-305(a).
I have previously interpreted this provision to be applicable to members of regional solid waste management district boards. See Op. Att'y Gen. No. 92-158. Because the CMRS Board, like regional solid waste management boards, was created by state law, it appears that the immunity created by A.C.A. § 19-10-305 is likewise available to the CMRS Board and its members.
It should be noted that the grant of immunity in A.C.A. § 19-10-305
applies generally to nonmalicious acts, but that it contains an exception to the extent of liability insurance coverage. Therefore, while board members generally cannot be held liable for nonmalicious acts, they can be held liable for such acts to the extent that such acts are covered by liability insurance. They can also, of course, be held liable for malicious acts. Cf. Carter v. Bush, 283 Ark. 16, 677 S.W.2d 837 (1984).
You specifically inquired as to whether either the original act (Act 683 of 1985) or the amending act (Act 810 of 1997) provided a source of immunity for Board members. It is my opinion that neither the original act nor the amending act provide a source of immunity for board members.
The original act, Act 683 of 1995, which was amended by Act 810 of 1997, stated:
 No service provider, agents of a service provider, political subdivision, or officials or employees of a political subdivision shall be liable to any person who uses the enhanced 911 service established under this subchapter for release of the information specified in this section or for failure of equipment or procedure in connection with enhanced 911 service or basic 911 service.
Acts 1985, No. 683, § 7 [A.C.A. § 12-10-317(a)(3)].
Because the Board had not been created at the time this provision was enacted, the legislature could not have intended to include the Board or its members in the list of those protected.
The amending act, Act 810 of 1997, also does not provide immunity for the Board or its members. Although Act 810 does provide expanded immunity for CMTS service providers and their employees, its grant of immunity is limited to those parties. It states:
 Notwithstanding any other provision of the law, in no event shall any CMRS provider, its officers, employees, assigns or agents, be liable for civil damages or criminal liability in connection with the development, design, installation, operation, maintenance, performance or provision of 911 service. Nor shall any CMRS provider, its officers, employees, assigns or agents be liable for civil damages or criminal liability in connection with the release of subscriber information to any governmental entity as required under the provisions of this subchapter.
Acts 1997, No. 810, § 2 (amending A.C.A. § 12-10-318).
Accordingly, I conclude that neither the original act nor the amending act provide immunity for the Board or its members.
Question 2 — Are Board "members" to be the "individual" who is selectedto represent the corporation, or is the corporation itself to be a Boardmember?
It is my opinion that the Board members are the individuals who are selected to serve, rather than the entities whom those individuals represent.
Your question appears to be based on the premise that certain members of the Board represent specific corporations. This is not the case. Two members of the Board are selected by a majority of the licensed CMRS providers, to represent the interests of the industry as a whole — not the interests of any one corporation. Acts 1997, No. 810, § 2.
The composition of the Board is straightforwardly set forth in Act 810 of 1997, as follows:
 (2) There is hereby established the CMRS Emergency Telephone Services Board consisting of the following: the State Auditor or his designated representative, two (2) representatives selected by a majority of the CMRS providers licensed to do business in the state, and two 911 system employees selected by a majority of the PSAP administrators in the state.
The Arkansas Supreme Court has held that when statutory language is clear, it should be given its plain meaning. See, e.g., Masterson v.Stambuck, 213 Ark. 391, 902 S.W.2d 803 (1995).
The above-quoted language of Act 810 of 1997 is clear. When it is given its plain meaning, it becomes apparent that the members of the Board are the individuals who are selected, rather than the entities whom they represent. When the sentence is distilled to its most relevant parts, the correctness of this interpretation is obvious. The sentence, in effect, states that the Board will consist of, among others, two individuals who will represent the CMRS providers. It does not state that the Board will consist of any particular CMRS provider, or that any particular CMRS provider is itself entitled to membership on the Board.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh