The Honorable Cecil A. Tedder Circuit Judge Wilbur D. Mills Courts Building Searcy, AR 72143
Dear Judge Tedder:
This is in response to your request for an opinion on the following questions regarding adult probation officers:
 1. What governmental entity is the employer of adult probation officers whose salaries are funded from state funds appropriated to the Arkansas Adult Probation Commission, which commission distributes to circuit judges who, in turn, endorse and deliver the warrants to the designated county for distribution in salary increments on county warrants?
 2. What governmental entity is legally responsible for the conduct (or misconduct) of adult probation officers?
It must be initially noted in response to your first question that neither the legislature nor the courts has offered any specific pronouncements with respect to adult probation officers' status as either county, judicial district or state employees. We are therefore unable to provide a conclusive response to this question that will apply for all purposes and in all factual contexts. See Attorney General Opinion No. 88-135, copy attached. As noted in Opinion Number 88-135, a definitive answer can only result from a court's decision which provides precedent or from legislative action.
The Arkansas Supreme Court has, however, offered some indication that it considers adult probation officers to be beyond the reach of a quorum court's jurisdiction for the purpose of setting compensation. The ruling in Venhaus v. State, ex rel. Lofton,285 Ark. 23, 684 S.W.2d 252 (1985) indicates that at least for purposes of Amendment 55 to the Arkansas Constitution, probation officers are not to be considered county employees.
Your second question is a factual one, within the province of the judiciary, to be decided on a case by case basis. However, it should be recognized that there is statutory authority for a county's immunity from tort liability for the acts of its agents and employees. A.C.A. 21-9-301. And, of course, the state may not by made a defendant in any of her courts. Const. Ark. Art. 5, 20.
Depending upon the particular facts involved, the officers' immunity from civil liability may be premised upon A.C.A.19-10-305 or 21-9-301. See, e.g., Beaulieu v. Gray, 288 Ark. 395,705 S.W.2d 880 (1986); Autry v. Lawrence, 286 Ark. 501, 696 S.W.2d 315
(1985). This assumes, of course, that the claim if premised upon nonmalicious acts occurring within the course and scope of employment.
With respect to representation, this office has indicated that it would, generally, provide representation of adult probation officers. See Op. No. 88-135, attached.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.