Colonel Thomas A. Mars, Director Arkansas State Police 1 State Police Plaza Drive Little Rock, AR 72209
Dear Colonel Mars:
I am writing in response to your request for my opinion on the following questions:
 1. In light of the provisions of A.C.A. § 21-9-203 and the burden of proof that must be met for the imposition of punitive damages, is the State of Arkansas ever authorized to pay actual/compensatory damages assessed against a state officer or employee when a state or federal court has assessed punitive damages against the officer or employee for the same conduct that resulted in the assessment of actual damages? Stated otherwise, may an agency of the State of Arkansas disregard a trial court's finding of malice or intentional conduct sufficient for the imposition of punitive damages and pay any actual damages assessed against its officer or employee?
 2. If the answer is in the affirmative, under what circumstance[s] may the agency do so?
RESPONSE
In my opinion, the answer to both parts of your first question is "yes." With respect to your second question, I believe the state is obligated to make an independent determination whether its officer or employee undertook the challenged conduct without malice, in good faith and in the course of his or her employment. If all three parts of this inquiry are answered in the affirmative, the state is obligated to pay actual, but not punitive, damages assessed against the officer or employee.
Question 1: In light of the provisions of A.C.A. § 21-9-203 and theburden of proof that must be met for the imposition of punitive damages,is the State of Arkansas ever authorized to pay actual/compensatorydamages assessed against a state officer or employee when a state orfederal court has assessed punitive damages against the officer oremployee for the same conduct that resulted in the assessment of actualdamages? Stated otherwise, may an agency of the State of Arkansasdisregard a trial court's finding of malice or intentional conductsufficient for the imposition of punitive damages and pay any actualdamages assessed against its officer or employee?
At issue is the application of A.C.A. § 21-9-203(a), which provides:
 The State of Arkansas shall pay actual, but not punitive, damages adjudged by a state or federal court, or entered by such a court as a result of a compromise settlement approved and recommended by the Attorney General, against officers or employees of the State of Arkansas, or against the estate of such an officer or employee, based on an act or omission by the officer or employee while acting without malice and in good faith within the course and scope of his employment and in the performance of his official duties.
This statute may be read as prohibiting the state from paying not only punitive, but also actual, damages in any instance in which the trier of fact has awarded punitive damages against a state officer or employee. In support of this interpretation, you point out that the statute obligates the state to pay actual damages only if the state actor undertook the challenged conduct "without malice and in good faith" — a condition that arguably cannot be satisfied if the court has awarded punitive damages under the following definition:
 In addition to compensatory damages for any actual loss that the plaintiff may have sustained, he asks for punitive damages from the defendants. Punitive damages may be imposed to punish a wrongdoer and to deter others from similar conduct. In order to recover punitive damages from the defendant, the plaintiff has the burden of proving either;
 First, that the defendant knew or should have known, in the light of the surrounding circumstances, that his conduct would naturally and probably result in damages and that he continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred; or
 Second, that the defendant intentionally pursued a course of conduct for the purpose of causing damage, or both.
Arkansas Model Civil Jury Instruction No. 2218. The question arises whether this instruction should be read as rendering malice a necessary condition for imposing punitive damages, thus precluding any payment of actual damages under A.C.A. § 21-9-203(a) whenever a jury awards punitive damages since the "without malice" condition that triggers the state's liability will not have been met.
For several reasons, I believe this question should be answered in the negative. In the first place, AMI 2218 does not make malice a necessary condition for awarding punitive damages. The statute only makes malice a sufficient, as distinct from necessary, condition, setting forth as an alternative condition intentional conduct "for the purpose of causing damage." The very fact that these two independently sufficient conditions are set forth in the disjunctive illustrates that they are not logically indistinguishable.
Secondly, the language of A.C.A. § 21-9-203(a) itself reflects a legislative recognition that a jury might award both actual and punitive damages against a defendant who nevertheless acted "without malice and in good faith." The statute provides that the state "shall pay actual, but not punitive, damages . . . based on an act or omission by the officer or employee while acting without malice and in good faith. . . ." In my opinion, this phrasing acknowledges that the state might indeed find itself in the position of having to pay the compensatory portion of a judgment that includes punitive damages. Stated differently, the statute reflects an assumption that a verdict may include both compensatory and punitive damages even if the officer or employee has acted "without malice and in good faith." The statute simply directs that in such an instance the state is barred from paying the punitive portion of the damages. In response to your question, then, I believe that in enacting A.C.A. §21-9-203(a), the legislature clearly envisioned that there would be instances when the state would be obligated to pay a state actor's compensatory damages even though the court had also awarded punitive damages.
Notwithstanding the foregoing, I do not base my conclusion on the fact that an award of punitive damages is not necessarily the equivalent of a finding of malice. Even if finding malice were a condition precedent to awarding punitive damages, I still do not believe the state would be precluded from paying compensatory damages pursuant to A.C.A. §21-9-203(a). This may seem counterintuitive, given that the statute expressly conditions such payment on "acting without malice and in good faith." However, I believe that in enacting A.C.A. § 21-9-203, the legislature intended the state to make its own independent determination on the issues of malice and good faith. I base this conclusion in part on the fact that the statute would otherwise be flatly inconsistent with A.C.A. § 19-10-305(a), which provides:
 Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.
This statute immunizes state officers and employees from any liability or suit arising from employment-related conduct except for "malicious acts or omissions."[1] It follows from this statute that any suit against a state actor will proceed to judgment only if, in the eyes of the jury, the challenged conduct was malicious.[2] However, A.C.A. § 21-9-203(a) clearly anticipates that a state actor might have been subjected to a judgment, and hence deemed "malicious" by the court, for conduct undertaken "without malice and in good faith." The only way to reconcile these two statutes is to conclude that the state, in determining whether to pay the awarded compensatory damages, must make its own determination of whether the officer or employee acted maliciously.[3] To conclude otherwise would be to render A.C.A. § 21-9-203(a) absurd, since it would be foregone by dint of the verdict in every case that the challenged conduct was malicious, thus barring the state from paying any damages. The Arkansas courts have long held that in interpreting statutory language, it is inappropriate to give the statute a reading that would result in an absurdity, or to presume that the legislature enacted a vain and meaningless law. See Yarbrough v. Witty, 336 Ark. 479, 484,987 S.W.2d 257(1999); Lawhon Farm Servs. v. Brown, 335 Ark. 272,948 S.W.2d 1 (1998); Citizens To Establish A Reform Partyv. Priest, 325 Ark. 257, 926 S.W.2d 432
(1996); Henson v. Fleet Mortgage Co., 319 Ark. 491,892 S.W.2d 250 (1995); Neely v. State, 317 Ark. 312, 877 S.W.2d 589 (1994);Death and Total Permanent Disability Trust Fund v. Whirlpool Corp.,39 Ark. App. 62, 837 S.W.2d 293 (1992).
In my opinion, A.C.A. § 21-9-203(a) was intended to provide state officers and employees some limited protection from the vagaries of the legal system. I am reinforced in this conclusion by the emergency clause to the enabling legislation, Act 543 of 1977, which provides in pertinent part:
 It is hereby found and determined by the General Assembly that a number of State officers and employees are being made defendants in lawsuits seeking damages for their acts or omissions in the performance of their official duties; that in many instances such lawsuits are filed against the estates of such officers or employees; and that it is essential that the State of Arkansas offer protection for its officers or employees against personal liability for performing their official duties. . . .
This expression of legislative intent is in all respects consistent with and marks an extension of the public policy that gave rise to the concept of immunity:
 Judge Learned Hand stated that the doctrine of immunity for public employees was based upon a policy of freeing public employees from fear of retaliation for unpopular decisions so that they could function freely and thereby give unflinching discharge of their duties. Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949), cert. denied, 339 U.S. 949
(1950). William L. Prosser also believed that public employees would be unduly intimidated in the discharge of their duties if they could be sued for actions which were later determined to be negligent. W.L. Prosser, Law of Torts 987 (4th ed. 1971). Another reason advanced for the immunity of state employees is that without immunity, highly skilled employees would not accept public positions because the potential liability would not be commensurate with the relatively low compensation which public employees receive. Van Alstyne, Government Tort Liability: A Public Policy Prospectus, 10 UCLA L. Rev. 463 (1963); Smith v. Cooper, 256 Or. 485, 475 P.2d 78 (1970); Annot., 45 A.L.R.3d 857 (1970).
Beaulieu v. Gray, 288 Ark. 395, 397, 705 S.W.2d 880 (1986). In accordance with these principles, I believe the state may indeed disregard a trial court's finding of malice and pay actual damages assessed against its officer or employee, regardless of whether the trial court has assessed punitive damages as well.
I am further bolstered in my opinion by the fact that the state has traditionally made its own independent determination regarding conduct by employees or officers that has given rise to litigation. I am informed that, in the first instance, the state regularly investigates challenged conduct to determine whether it is going to provide a defense or decline to do so and disclaim any liability under A.C.A. § 21-9-203(a). Moreover, following trial, the Claims Commission does not defer to a trial court's conclusions regarding malice, instead independently acting as a finder of fact to determine whether indemnification is warranted. The fact that the statute has historically been interpreted and applied as suggested in this opinion is in itself a potent indicator of legislative intent. See City Of Little Rock v. ATT Communications ofthe Southwest, Inc., S.W., 318 Ark. 616, 622, 888 S.W.2d 290 (1994) (`in ascertaining the Act's intent, this court examines the statute historically, as well as the contemporaneous conditions at the time of its enactment, consequences of interpretation, and matters of common knowledge within the limits of this court's jurisdiction. Mears, CountyJudge v. Ark. State Hospital, 265 Ark. 844, 581 S.W.2d 339 (1979); seealso Hot Springs Elec. Light Co., 70 Ark. 300, 67 S.W. 762.").
Finally, I will note that I consider your concern about the application of A.C.A. § 21-9-203 fully justified. The statute is hardly a model of clarity, and its interplay with A.C.A. § 19-10-305(a) only further complicates matters. In my opinion, legislative clarification would be welcome.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] The same immunity is extended to city and county officers and employees pursuant to A.C.A. § 21-9-301. This immunity is closely related to the objective "qualified immunity" applicable to state actors charged with violations of federal law. As I stated in Ark. Op. Att'y Gen. No.1999-363:
 Under the doctrine of qualified immunity, an individual is immune from trial if the actions complained of were taken in good faith in the performance of one's duties, and the acts do not violate any clearly established constitutional right. Harlow v. Fitzgerald, 457 U.S. 800
(1982). The test for the applicability of qualified immunity turns upon the "objective legal reasonableness of the action," assessed in light of legal rules that were "clearly established" at the time the action was taken. See Anderson v. Creighton, 483 U.S. 635 (1987). The immunity is "qualified" because it does not obtain where the activity is in violation of clearly established law that a reasonable person would have known. Robinson v. Beaumont, 291 Ark. 477, 725 S.W.2d 839 (1987); Matthews v. Martin, 280 Ark. 345, 658 S.W.2d 374 (1983).
[2] I appreciate that this conclusion moots the debate about whether the imposition of punitive damages necessarily implies a finding of malice.
[3] In the case of a settlement, this determination would be made by this office in consultation with the employing agency, as dictated in A.C.A. § 21-9-203(a). In the case of a judgment, this determination would be made by the Arkansas State Claims Commission, A.C.A. § 21-9-202, which is an arm of the legislature charged with determining the state's just debts. See Hanley v. Arkansas State Claims Commission, 333 Ark. 159,166, 970 S.W.2d 198 (1998); see also Note, Bly v. Young, Beaulieu v.Gray, and Carter v. Bush: The Arkansas State Employee Immunity Trilogy,
41 Ark. L.R. 893 (1988).