UNIVERSITY of ARKANSAS for MEDICAL SCIENCES *d/b/a* University Hospital *v.* Gregg Alexander ADAMS

03-36                                                                   117 S.W.3d 588

Supreme Court of Arkansas
Opinion delivered September 11, 2003

22

*University of Arkansas Office of General Counsel*, by: *Rhonda M. Thornton*, Associate General Counsel, for appellant.

No response.

ANNABELLE CLINTON IMBER, Justice. This interlocutory appeal arises from a medical malpractice claim filed by Appellee Gregg Adams against Appellant University of Arkansas for Medical Sciences (UAMS) and two physicians employed at UAMS. On October 11, 2002, the trial court denied a motion to dismiss UAMS as a defendant based on a claim of sovereign immunity. UAMS timely filed a notice of appeal, asserting that the denial of the motion to dismiss was error for two reasons: (1) UAMS, as a department of the University of Arkansas, is not an entity capable of being sued; and (2) even if Adams sued the University or its Board of Trustees as the correct party, the claim would be barred by Article 5, Section 20, of the Arkansas Constitution because the University enjoys sovereign immunity from suit. We agree with UAMS. Thus, the trial court's denial of the motion to dismiss is reversed, and the claim against UAMS is dismissed.

In reviewing a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Grine v. Bd. of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999). Ordinarily, an appeal may not be taken from an order denying a motion to dismiss. However, Ark. R. App. P.—Civ. 2(a)(10) provides for an interlocutory appeal of an order denying a motion to dismiss based on the defense of sovereign immunity. The rationale justifying an interlocutory appeal is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. *State of Arkansas v. Goss*, 344 Ark. 523, 42 S.W.3d 440 (2001).

## UAMS As Defendant

■ For its first point on appeal, UAMS asserts that it is an entity that cannot sue or be sued. The Arkansas General Assembly established UAMS as "a part of the University of Arkansas . . . ." Ark. Code Ann. § 6-64-401 (Repl. 1996). UAMS, like other departments of the University of Arkansas, is under the management and control of the University's Board of Trustees. Ark. Code Ann. § 6-64-402 (Repl. 1996). Clearly, UAMS is merely a department of the University of Arkansas and, as such, is not an entity that can sue or be sued. See Asaad-Faltas v. UAMS, 708 F.Supp. 1026 (E.D. Ark. 1989), aff'd 902 F.2d 1572 (8th Cir. 1990). For this reason, UAMS must be dismissed as a defendant in this suit.

## Sovereign Immunity

■ This interlocutory appeal is allowed by Ark. R. App. P.—Civ. 2(a)(10) solely because UAMS's motion to dismiss was based on the defense of sovereign immunity. For this reason, we will address the sovereign-immunity issue. UAMS points out that Adams could merely refile his complaint and name the University or its Board of Trustees as defendant rather than UAMS, but that such a claim would be barred by the doctrine of sovereign immunity. The Arkansas Constitution expressly forbids suits against the State, providing, "[t]he State of Arkansas shall never be made a defendant in any of her courts." Ark. Const. art. 5, § 20, Beaulieu v. Gray, 288 Ark. 395, 705 S.W.2d 880 (1986). Sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. Arkansas Tech Univ. v. Link, 341 Ark. 495, 17 S.W.3d 809 (2000). Where the pleadings show the action is one against the State, the trial court acquires no jurisdiction. Id.; Brown v. Ark. St. HVACR Lic. Bd., 336 Ark. 34, 984 S.W.2d 402 (1999). However, unlike subject-matter jurisdiction, sovereign immunity can be waived. Grine v. Bd. of Trustees, supra; Newton v. Etoch, 332 Ark. 325, 965 S.W.2d 96 (1998).

■ This court has consistently held that a suit against a state university or its board of trustees is a suit against the State and is barred by the doctrine of sovereign immunity. See Chambers v. Stern, 347 Ark. 395, 64 S.W.3d 737 (2002); Arkansas Tech Univ. v. Link, supra. As we explained in Arkansas Tech Univ. v. Link, supra, "if a judgment for the plaintiff will operate to control the action of

the State *or subject it to liability*, the suit is one against the State and is barred by the doctrine of sovereign immunity." 341 Ark. at 502, 17 S.W.3d at 813. *See also Beaulieu v. Gray, supra.* The General Assembly has provided that UAMS's costs and expenses will be borne by the State of Arkansas. Ark. Code Ann. § 6-64-403 (Repl. 1996). A finding for the appellee against UAMS would necessarily subject the State of Arkansas to financial liability. Sovereign immunity bars such an action unless it has been waived. *Arkansas Pub. Def. Comm'n v. Burnett*, 340 Ark. 233, 12 S.W.3d 191 (2000); *Office of Child Support Enf. v. Mitchell*, 330 Ark. 338, 954 S.W.2d 907 (1997). No argument of waiver was made below or to this court. Adams has failed to follow the proper avenue for redress against State action, which is to file a claim with the Arkansas Claims Commission. Ark. Code Ann. § 19-10-204 (Supp. 2001); *see e.g., Arkansas Tech Univ. v. Link, supra.*

We hold that the trial court erred in denying UAMS's motion to dismiss because UAMS, as a department of the University of Arkansas, is not an entity that can be sued. Further, the doctrine of sovereign immunity bars a claim against the University of Arkansas and its Board of Trustees.

Reversed and dismissed.