John Dan Kemp, Chief Justice, dissenting.
I disagree with the majority's decision to affirm the circuit court's award of $ 323,266.53 in attorney's fees. Most significant, the majority's holding directly conflicts with this court's designation of the funds in the previous appeal. Wilson v. Walther , 2017 Ark. 270, 527 S.W.3d 709. There, this court concluded that "the funds at issue were derived from taxes and implicate the state treasury." Wilson v. Walther , 2017 Ark. 270, at 7, 527 S.W.3d at 714. The majority now reverses course, concluding that the funds are owned and retained by CAPDD, not the State, because the State abandoned the money and therefore has no interest in the funds. If the State has no interest in these funds, as the majority now concludes, the question of who has the right to the almost $ 1,000,000 in the CAPDD fund remains unanswered. Therefore, I respectfully dissent.
I. Facts
The following are the most relevant facts to the case at bar. Appellee Mike Wilson brought an action seeking declarative and injunctive relief as a public-funds, illegal exaction pursuant to article 16, section 13 of the Arkansas Constitution. Wilson , 2017 Ark. 270, 527 S.W.3d 709. Following this court's reversal and remand in Wilson , Wilson filed a motion for declaratory judgment, permanent injunction, restitution, costs, and attorney's fees. In his motion, Wilson requested "attorney's fees *902 of 1/3 of the common economic benefit pool accruing to state taxpayers due to [Wilson's] efforts, or such other reasonable attorney's fees as this court may determine according to law." Wilson asserted that "[a]s a result of [his] efforts and those of his counsel, the taxpayers have benefitted in this third action in the amount of $ 2,547,804 from which 1/3 attorney's fees should be awarded, and remaining funds reimbursed to DFA as restitution." The State responded that Wilson's request for attorney's fees must be denied and contended, inter alia , that sovereign immunity barred his claim. The Central Arkansas Planning and Development District, Inc. (CAPDD), replied and adopted the State's arguments.[1]
After conducting a hearing on the matter, the circuit court entered its order and ruled,
1. The Arkansas Supreme Court's opinion and mandate constitute the law of the case upon remand.
2. Central Arkansas Planning and Development District, Inc. presently holds from the last legislative GIF appropriation funds remaining and unspent in the amount of $ 969,799.60.
3. The State Defendants-Arkansas Department of Finance and Administration Director Larry Walther, State Auditor Andrea Lea, and State Treasurer Dennis Milligan-have argued the defense of sovereign immunity. Sovereign immunity, however, does not apply to unconstitutional, illegal, or ultra vires acts of the State. Because the Arkansas Supreme Court concluded that the GIF appropriation statute was unconstitutional, [Wilson]'s claims against the State Defendants are not barred by the doctrine of sovereign immunity.
4. By this lawsuit [Wilson] has conferred a benefit to taxpayers in the amount of the GIF funds appropriated but unspent. [Wilson] is, therefore, entitled to an award of attorney's fee of one-third (1/3) of the remaining GIF funds, or $ 323,266.53. Central Arkansas Planning and Development District, Inc. shall pay the amount of this fee award into the court's registry within thirty (30) days of the date of the entry of this order.
5. Central Arkansas Planning and Development District, Inc. shall remit payment of the balance of the remaining GIF funds ($ 646,533.07) to the State Treasurer within thirty (30) days of the date of entry of this order.
The circuit court ordered CAPDD to deposit the sum of $ 969,799.60 into the registry of the court.
On appeal, the State challenges the circuit court's award of attorney's fees and argues that the doctrine of sovereign immunity bars an award of attorney's fees because those fees directly expose the State to financial liability. The State contends that *903 Lake View School District No. 25 v. Huckabee , 340 Ark. 481, 10 S.W.3d 892 (2000), does not apply because it has not waived sovereign immunity in this case.
II. Applicable Law
A. Doctrine of Sovereign Immunity
Article five, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made a defendant in any of her courts." In determining whether the doctrine of sovereign immunity applies, this court must decide whether a judgment for the plaintiff will either operate to control the action of the State or subject it to liability. Kelley v. Johnson , 2016 Ark. 268, 496 S.W.3d 346. If so, the suit is one against the State and is barred. Id. , 496 S.W.3d 346.
We have recognized certain occasions in which the State may be a defendant-for example, when the State is the moving party seeking specific relief; when the state agency is acting illegally, unconstitutionally, or a state-agency officer refuses to do a purely ministerial action required by statute; and when the State fails to assert the defense of sovereign immunity. See, e.g. , Ark. State Police Ret. Sys. v. Sligh , 2017 Ark. 109, at 8-9, 516 S.W.3d 241, 246.
B. Lake View
The State asserts that, pursuant to Lake View , it is immune from a suit of attorney's fees. In Lake View , this court stated,
The State is correct that Article 5, § 20, provides that the State shall never be a defendant in any of her courts. Moreover, this court has said that tapping the State's treasury for payment of damages will render the State a defendant. See, e.g. , Newton v. Etoch , 332 Ark. 325, 965 S.W.2d 96 (1998). Here, it is the State's treasury that would pay either on a pro rata basis from revenues allocated to those school districts that benefitted from the Lake View litigation or from the State coffers. Thus, the State's treasury would ultimately be liable for legal fees. We hold that the sovereign-immunity doctrine applies to this case.
Lake View , 340 Ark. at 496, 10 S.W.3d at 901.
Notwithstanding this court's holding that sovereign immunity applied, we ultimately concluded that the State had "waived its sovereign-immunity defense to payment of those fees." Id. at 496, 10 S.W.3d at 901. This court reasoned that
when the State of Arkansas signed off in two published notices to the class members advocating that attorneys' fees be paid and continued to push for payment of attorneys' fees even after the chancery court refused to sign the Agreed Order, it waived its sovereign immunity defense to payment of those fees.
Id. at 496, 10 S.W.3d at 901. Only after holding that the State had waived sovereign immunity did this court allow an award of attorney's fees under a substantial-economic-benefit theory because "a substantial economic benefit ha[d] accrued not only to the poorer school districts as a direct result of Lake View's efforts but to the state as a whole." Id. at 495, 10 S.W.3d at 900.
III. Analysis
In the present case, the circuit court ruled that Wilson was entitled to an award of attorney's fees. Specifically, the circuit court ruled that (1) Wilson's claims against Walther were not barred by the doctrine of sovereign immunity because this court "concluded that the GIF appropriation statute was unconstitutional" in Wilson , 2017 Ark. 270, 527 S.W.3d 709, and (2) Wilson had "conferred a benefit to taxpayers in the amount of the GIF funds appropriated *904 but unspent." I disagree with the circuit court's rulings.
This case demonstrates a sharp distinction between (1) sovereign immunity from an action seeking declaratory and injunctive relief and (2) sovereign immunity from an action seeking monetary recovery. This court recognized in Lake View that the State's treasury would be forced to pay attorney's fees from revenues allocated to those school districts that benefited from the litigation or from the State coffers. Lake View , 340 Ark. at 496, 10 S.W.3d at 901. Further, as previously acknowledged, Wilson had standing precisely because "the funds at issue in this case are derived from taxes and implicate the state treasury." Wilson , 2017 Ark. 270, at 7, 527 S.W.3d at 714. Here, the State has never waived its sovereign-immunity defense, and Wilson's suit subjects the State's treasury to financial liability for legal fees. Thus, sovereign immunity should apply and preclude an award of attorney's fees. I would hold that the circuit court abused its discretion in awarding Wilson $ 323,266.53 in attorney's fees.
Lastly, I emphasize that in Board of Trustees of University of Arkansas v. Andrews , 2018 Ark. 12, 535 S.W.3d 616, this court stated that
suits subjecting the State to financial liability are barred by sovereign immunity and that plaintiffs like Andrews with these causes of actions have a "proper avenue for redress against State action, which is to file a claim with the Arkansas Claims Commission." Univ. of Ark. for Med. Scis. v. Adams , 354 Ark. 21, 25, 117 S.W.3d 588, 591 (2003) ; see also Ark. Const. Art. 2, § 13 (stating that "[e]very person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character").
Andrews , 2018 Ark. 12, at 12, 535 S.W.3d at 623. Pursuant to Andrews , a proper avenue for redress is to file a claim with the Arkansas Claims Commission.
IV. Conclusion
Based on the applicable law, I would reverse the circuit court's award of attorney's fees and remand for the circuit court to enter an order directing that both the award of $ 323,266.53 in attorney's fees and the remaining GIF balance be paid to the State Treasurer.
Finally, while I see no legal basis for an award of attorney's fees in this instance, I nevertheless acknowledge and commend counsel's efforts during the course of this litigation to expose any alleged wrongdoing that otherwise might not have been known to the people of Arkansas.
Wood, J., joins.

The majority holds that sovereign immunity does not apply because "the State relinquished the [$ 969,799.60 in general improvement] funds" to CAPDD, a private entity organized under the laws of Arkansas. The majority opines that "[t]his 'transfer' equates to an abandonment," that the State lost an interest in those funds, and that sovereign immunity is inapplicable to the case at bar. I disagree. CAPDD serves as a gatekeeper of state funds, and this court concluded in Wilson , 2017 Ark. 270, 527 S.W.3d 709, that the funds at issue were "derived from taxes and implicate the state treasury" when we conferred standing on Wilson. Id. at 7, 527 S.W.3d at 714. Further, I note that the circuit court in this case ruled that sovereign immunity did not apply because of alleged unconstitutional acts of the State. The circuit court did not base its sovereign-immunity ruling on the status of CAPDD.